**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INNOVA PATENT LICENSING, LLC<br><br>     Plaintiff,<br><br>vs.<br><br>CLOUDMARK, INC.<br><br>     Defendant. | § CIVIL ACTION 2:12-CV-00358-MHS-CMC<br>§<br>§ JURY TRIAL DEMANDED |

## CLOUDMARK, INC.'S ANSWER TO INNOVA PATENT LICENSING LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Cloudmark, Inc. ("Cloudmark") answers InNova Patent Licensing LLC's ("InNova") complaint as follows:

### THE PARTIES

1.     Cloudmark lacks sufficient information to form a belief as to the truth of the allegations recited in paragraph 1, and on that basis denies all allegations of paragraph 1.

2.     To the extent that paragraph 2 contains a legal conclusion, no response is required. Cloudmark denies that it is a corporation organized under the laws of the State of California. Cloudmark admits that its principal place of business is located at 128 King Street, San Francisco, California 94107.

### JURISDICTION AND VENUE

3.     To the extent that paragraph 3 contains a legal conclusion, no response is required. Cloudmark admits that InNova purports to bring an action for infringement of the United States patent under 35 U.S.C. § 271 and § 281. Cloudmark admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

4. Cloudmark denies the allegations in paragraph 4 but does not challenge the exercise of personal jurisdiction in this action.

5. Cloudmark denies the allegations of paragraph 5 but does not challenge that venue in this district is proper in this District, although Cloudmark denies that venue is convenient or otherwise appropriate in this District.

**ALLEGED INFRINGEMENT OF U.S. PATENT 6,018,761**

6. To the extent that paragraph 6 contains a legal conclusion, no response is required. Cloudmark incorporates by reference the responses set forth above.

7. To the extent that paragraph 7 contains a legal conclusion, no response is required. Cloudmark admits that Plaintiff purports to attach as Exhibit A to its complaint a copy of the United States Patent No. 6,018,761 ("the '761 patent") which bears an issue date of January 25, 2000 and bears a title of "System for Adding to Electronic Mail Messages Information Obtained from Sources External to the Electronic Mail Transport Process." Exhibit A speaks for itself. Cloudmark lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 7, and on that basis denies the remaining allegation of paragraph 7.

8. Cloudmark lacks sufficient information to form a belief as to the truth of the remaining allegations recited in paragraph 8, and on that basis denies the remaining allegation of paragraph 8.

9. Cloudmark denies all allegations of paragraph 9.

10. Cloudmark denies all allegations of paragraph 10.

11. Cloudmark denies all allegations of paragraph 11.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

1. Cloudmark denies that InNova is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

Without altering the burdens of proof, Cloudmark asserts the following affirmative defenses. Cloudmark reserves the right to modify and/or expand these defenses, to take further positions and raise additional defenses as discovery proceeds in this action.

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1. InNova's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

2. Cloudmark has not infringed and does not infringe, directly or indirectly, any valid claim of the '761 patent.

### THIRD AFFIRMATIVE DEFENSE – INVALIDITY

3. Cloudmark is informed and believes, and based thereon alleges one or more of the claims of the '761 Patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE – FAILURE TO MARK OR PROVIDE NOTICE

4. Cloudmark is informed and believes, and based thereon alleges, that InNova is barred or limited from recovery in whole or in part by the failure to provide actual or constructive notice as required by 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

5. Cloudmark is informed and believes, and based thereon alleges, that InNova's claims are barred in whole and in part by the doctrine of laches, estoppel, waiver, acquiescence, unclean hands, and/or other applicable equitable defenses.

### OTHER AFFIMATIVE DEFENSES

6. Cloudmark reserves the right to assert additional affirmative defenses during or upon the completion of discovery.

### CLOUDMARK'S PRAYER FOR RELIEF

Cloudmark denies that InNova is entitled to any relief against Coudmark and requests that the Court deny all the relief sought by InNova and enter judgment in favor of Cloudmark.

## CLOUDMARK'S DEMAND FOR JURY TRIAL

Cloudmark hereby demands a trial by jury for all issues so triable.

Dated:  August 31, 2012                    By:  */s/ Lowell D. Mead*

Lowell D. Mead
CA State Bar No. 223989
lmead@cooley.com
**COOLEY LLP**
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA  94306
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

*Attorneys for Defendant Cloudmark, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on August 31, 2012.

/s/ *Lowell D. Mead*

1048769 v1/HN